# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ULYESSES ELDRIDGE, #07039786,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   3:08-CV-0286-B |
| | ) |
| DALLAS COUNTY JAIL DETENTION<br>CENTER, ET AL.,<br>    Defendant. | )<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a county inmate.

Parties: Plaintiff's whereabouts are presently unknown. At the time of filing this action, he was confined at the Dallas County Jail. Defendants are the Dallas County Jail Detention Center and the Dallas County Jail Commander. The Court has not issued process in this case, pending preliminary screening.

Findings and Conclusions: Plaintiff filed the complaint on the court-approved form for filing civil rights action under 42 U.S.C. § 1983. At page 2 of the form in bold type is a paragraph entitled "Change of Address." The paragraph advises a litigant that it is his responsibility to inform the court of any change of address and its effective date, and to submit the notice to the court in writing. The paragraph cautions the litigant that failure to file a notice to the court of change of address may result in the dismissal of the complaint for failure to

prosecute under Rule 41(b), Federal Rules of Civil Procedure.

On February 21, 2008, the Court issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that he had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*. The order directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. Plaintiff failed to comply with the deficiency order. On April 3, 2008, the court re-mailed the deficiency order to the Suzanne Keys Detention Center, a separate detention center at the Dallas County Jail. On April 9, 2008, the order was returned to the court because Plaintiff was no longer at the Dallas County Jail.[1]

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample notice that he must keep the court appraised of his change of address. He has refused or declined to do so. The Court is not required to delay disposition in

---

[1] The clerk initially mailed the deficiency order to the main mailing address for inmates incarcerated at the Dallas County Jail: Dallas County Jail - 2, P.O. Box 660334, Dallas, TX 75222-0234. Attached to the complaint is a letter from Plaintiff advising that on February 11, 2008, he was transferred from the West Tower to the Suzanne Kays Detention Center. For his new mailing address he listed a slightly different address: "P.O. Box 660334, O3SH07, Dallas, Texas 75266."

this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff at his last known address.

Signed this 14th day of April, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.